**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **(1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | } |
| **Plaintiff,** | } |
| | } **CASE No.** CIV-15-1066-L |
| **v.** | } |
| **(1) ONSITE SOLUTIONS LLC,** | } |
| **(2) DEALERSHIP MANAGEMENT SERVICES, INC., &** | } |
| **(3) DMS-OK, INC.,** | } **JURY TRIAL DEMAND** |
| **Defendants.** | } |

**COMPLAINT**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices by On Sight K.C., LLC d/b/a DMS Onsite, LLC, and its successors OnSite Solutions, LLC, Dealership Management Services, Inc., and DMS-OK, Inc., on the basis of race and to provide appropriate relief to Douglas T. Williams, Santwone Bert, Malcolm Mitchell, and Floyd Lewis, who were victims of those practices. Specifically, On Sight K.C. and Defendants demoted Williams and discharged Bert, Lewis, and Mitchell because they are Black.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1332, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e- 5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. Venue is proper in this Court because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1) and (3).

4. At all relevant times, On Sight K.C. has continuously been a Kansas limited liability company doing business in the State of Oklahoma and the City of Midwest City, and has continuously had at least 15 employees.

5. At all relevant times, On Sight K.C. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Onsite Solutions has continuously been a Kansas limited liability company doing business in the State of Oklahoma, and has continuously had at least 15 employees.

7. At all relevant times, Defendant Onsite Solutions has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

8. At all relevant times, Defendant Dealership Management Services has continuously been a Georgia domestic for profit corporation doing business in the State of Florida and has continuously had at least 15 employees.

9. At all relevant times, Defendant Dealership Management Services has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

10. At all relevant times, Defendant DMS-OK has continuously been a Georgia domestic for profit corporation doing business in the State of Oklahoma and has continuously had at least 15 employees.

11. At all relevant times, Defendant DMS-OK has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.§ 2000e(b), (g) and (h).

**CONDITIONS PRECEDENT**

12. More than 30 days prior to the institution of this lawsuit, Douglas Williams filed a charge of discrimination with the Commission alleging violations of Title VII by On Sight K.C.

13. On April 6, 2015, the Commission issued to each of the Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting them to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

14. The Commission engaged in communications with each of the Defendants to provide the Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

15. The Commission was unable to secure from the Defendants a conciliation agreement acceptable to the Commission.

16. On September 2, 2015, the Commission issued to Defendants a Notice of Failure of Conciliation.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF FACTS**

**Demotion and Discharge of Black Employees**

18. In or around May 2011, On Sight K.C. promoted Douglas Williams to manage a detailing crew located at Joe Cooper Ford in Midwest City, Oklahoma.

19. On February 23, 2012, On Sight K.C.'s Area Manager, Chris Alexander, told Williams that On Sight K.C. wanted to fire black employees working at its Joe Cooper Ford location and replace them with whites and "Mexicans."

20. On that same day, On Sight K.C. demoted Williams from his manager position and replaced him with Ray Herrera, who is Hispanic. Alexander told Williams that he would have to split his salary with Herrera.

21. Alexander told Herrera that On Sight K.C.'s detailing crew at Joe Cooper Ford was "too colorful" and that Herrera needed to "get rid of some guys." Alexander also told Herrera that there was "too much pepper" and that they needed "to get some salt in there."

22. Herrera admitted to other On Sight K.C. employees that management wanted him to "fire all the blacks" and hire whites and "Mexicans" to replace them.

23. Four days later, on February 27, 2012, On Sight K.C. hired two white detailers, Matt Bishop and Bryce Hall, to work at the Joe Cooper Ford location.

24. On February 29, 2012, On Sight K.C. discharged three black employees, Malcom Mitchell, Floyd Lewis, and Santwone Bert, at the Joe Cooper Ford location.

25. In early March 2012, Herrera told Williams that he felt remorse about his role in carrying out Alexander's directive to replace black workers with

white and Hispanic workers. Herrera also remarked that he had heard that Williams's crew had a reputation for doing good work and for being respectful.

26. On May 8, 2012, On Sight K.C. hired another non-black detailer, David Felix, to work at the Joe Cooper Ford location.

**On-Sight K.C.**

27. On Sight K.C. was a limited liability company formed under Kansas law in November 2007.

28. Heath Mayor was a founding member of On Sight K.C.

29. In or around October 2011, at least in part through an "agreement to restrict business activity" signed by Tim Puffer on behalf of Dealership Management Services and Heath Mayor on behalf of Onsite Solutions and On Sight K.C., Tim Puffer became a member of On Sight K.C. and he and Mayor commenced a joint venture under the name DMS Onsite.

30. On Sight K.C. was in the business of providing contract-based on-site detailing services for car dealerships, including at Joe Cooper Ford of Midwest City, Oklahoma.

31. On Sight K.C. provided detailing services to Joe Cooper Ford pursuant to a contract specifying the terms under which those services were provided. On Sight K.C. also had similar contracts with numerous other automobile dealerships under which it provided detailing services to each dealership.

32. On or about October 8, 2012, after receiving notice of Williams' charge of discrimination and the EEOC's investigation, On Sight K.C. dissolved and its assets were divided between Defendant Onsite Solutions, whose CEO was Heath Mayor, and Defendant Dealership Management Services, whose CEO was Tim Puffer. Mayor and Puffer evenly split up On Sight K.C.'s client list between OnSite Solutions and Dealership Management Services.

33. OnSite Solutions and Dealership Management Services required the former client dealerships of On Sight K.C. to enter into new contracts reflecting that each of them was now to perform the same services previously provided by On Sight K.C.

34. Defendant Onsite Solutions received nine of On Sight K.C.'s service contracts and Defendant Dealership Management Services received the remaining nine service contracts. Collectively, Defendants Onsite Solutions and Dealership Management Services, by and through DMS-OK, have continued the operations of On Sight K.C. at the same facilities, have provided the same services to the same customers, and have substantially the same workforce.

35. At the time of dissolution, On Sight K.C. had approximately 142 employees and operated in six states: Illinois, Indiana, Kansas, Missouri, Virginia and Oklahoma.

36. At the time of dissolution, On Sight K.C.'s three shareholder/owner/members were Heath Mayor, Tim Puffer, and Dennis

Angrisani. Billie Heath performed the human resources services.

37. On Sight K.C. was dissolved at least in part to escape liability for its unlawful employment practices.

38. There was substantial continuity of business operations between On Sight K.C. and Defendants Onsite Solutions, Dealership Management Services, Inc., and DMS-OK, Inc.

**OnSite Solutions**

39. OnSite Solutions was formed as a limited liability corporation under Kansas law on August 17, 2011.

40. The members of OnSite Solutions are Heath Mayor and Dennis Angrisani. Billie Heath performs the human resources services.

41. OnSite Soutions is in the business of providing detailing services for car dealerships in seven states, including Oklahoma.

42. New OnSite Solutions contracts with former On Sight K.C. clients provided, “OnSite Solutions will interview all current client staff and retain those who wish to stay.”

43. Following On Sight K.C.’s dissolution in October 2012, many of its employees, including managers, reapplied with OnSite Solutions and became its employees.

44. OnSite Solutions retained the same positions as did On Sight K.C.

45. OnSite Solutions operates at many of the same locations as On Sight K.C.

46. OnSite Solutions had notice of Williams' EEOC charge through Mayor prior to acquiring the business/assets of On Sight K.C.

47. OnSite Solutions had an opportunity to engage in conciliation of that charge.

48. OnSite Solutions is a successor employer to On Sight K.C.

49. Onsite Solutions is subject to the jurisdiction of this court as a successor employer under Title VII to remedy the unlawful employment practices of On Sight K.C.

**Dealership Management Services**

50. In March 2008, Dealership Management Services was formed as a corporation in the State of Georgia.

51. Dealership Management Services's sole shareholder/member/officer and CEO is Tim Puffer.

52. Dealership Management Services is in the business of providing auto detailing services for car dealerships.

53. Dealership Management Services is based on the same business model as On Sight K.C.

54. Dealership Management Services had notice of the underlying EEOC charge through Puffer prior to acquiring the business/assets of On Sight K.C.

55. Dealership Management Services had an opportunity to engage in conciliation of that charge.

56. Dealership Management Services is a successor employer to On Sight K.C.

57. Dealership Management Services is subject to the jurisdiction of this court as a successor employer under Title VII to remedy the unlawful employment practices of On Sight K.C.

**DMS-OK**

58. DMS-OK was incorporated in the State of Georgia in October 2012.

59. DMS-OK was incorporated by Tim Puffer to perform the contracts held by Defendant Dealership Management Services which it had obtained from On Sight K.C. Mr. Puffer is the sole shareholder and CEO of Defendant DMS-OK.

60. DMS-OK is in the business of providing detailing services for car dealerships in Oklahoma based on the same business model as On Sight K.C.

61. DMS-OK's pay, staffing and job titles follow the same model as On Sight K.C.

62. DMS-OK had notice of the underlying EEOC charge through Puffer prior to acquiring the business/assets of On Sight K.C.

63. DMS-OK has performed the service contracts obtained by Defendant Dealership Management Services from On Sight K.C. at the same facilities, has provided the same services to the same customers, and has substantially the same workforce as did On Sight K.C. for those contracts.

64. DMS-OK had an opportunity to engage in conciliation of that charge.

65. DMS-OK is a successor employer to On Sight K.C.

66. DMS-OK is subject to the jurisdiction of this court as a successor employer under Title VII to remedy the unlawful employment practices of On Sight K.C.

**COUNT I**

**(Title VII –Demotion)**

67. Paragraphs 1 through 66 are realleged and incorporated by reference as though fully set forth herein.

68. On Sight K.C. and Defendants, its successors, engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by demoting Douglas T. Williams because of his race.

69. The effect of the practices complained of herein has been to deprive Douglas T. Williams of equal employment opportunities and otherwise adversely affect his employment status because of his race.

70. The unlawful employment practices complained of herein were intentional.

71. The unlawful employment practices complained of herein were committed with malice or with reckless indifference to the federally protected rights of Douglas T. Williams.

**COUNT II**

**(Title VII – Termination)**

72. Paragraphs 1 through 71 are realleged and incorporated by reference as though fully set forth herein.

73. On Sight K.C. and Defendants, its successors, engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by terminating Santwone Bert, Malcolm Mitchell, and Floyd Lewis because of their race.

74. The effect of the practices complained of herein has been to deprive Santwone Bert, Malcolm Mitchell, and Floyd Lewis of equal employment opportunities and otherwise adversely affect their employment status because of their race.

75. The unlawful employment practices complained of herein were intentional.

76. The unlawful employment practices complained of herein were committed with malice or with reckless indifference to the federally protected rights of Santwone Bert, Malcolm Mitchell, and Floyd Lewis.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race.

B. Order each Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for all employees and which eradicate the effects of their past and present unlawful employment practices.

C. Order each Defendant to make whole Douglas T. Williams, Santwone Bert, Malcolm Mitchell, and Floyd Lewis by providing appropriate back pay and benefits with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of the Defendants' unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D. Order each Defendant to make whole Douglas T. Williams, Santwone Bert, Malcolm Mitchell, and Floyd Lewis by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in above, including but not limited to emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment and inconvenience, in amounts to be determined at trial.

E. Order the Defendant to pay Douglas T. Williams, Santwone Bert, Malcolm Mitchell, and Floyd Lewis punitive damages for its malicious conduct or reckless indifference described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all claims set forth herein.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN, MO Bar No. 46520
Regional Attorney

C. FELIX MILLER, MO Bar No. 28309
Supervisory Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, Missouri 63103
Office: 314-539-7910
andrea.baran@eeoc.gov
felix.miller@eeoc.gov

/s/ Patrick J. Holman
PATRICK J. HOLMAN, OBA No. 21216
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 231-4363 (telephone)
(405) 231-4375 (fax)
patrick.holman@eeoc.gov