IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| DOUGLAS T. WILLIAMS, | ) ) |
| Plaintiff-Intervenor, | ) ) |
| vs. | ) Case Number CIV-15-1066-C ) |
| ONSITE SOLUTIONS, LLC; DEALERSHIP MANAGEMENT SERVICES, INC.; AND DMS-OK, INC., | ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff-Intervenor filed a Second Motion to Intervene (Dkt. No. 44) in this action, asserting that Defendants carried out unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, and alleging a state law Burk[1] tort and negligence. Defendants Dealership Management Services, Inc., DMS-OK, Inc., and OnSite Solutions, LLC[2] ("OnSite") have responded. The Motion is now at issue.

---

[1] See Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24, rooted in the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. §§ 1001 et seq.

[2] Although the Court has approved an Agreed Consent Decree between the EEOC and OnSite, OnSite will remain a Defendant with regard to Plaintiff-Intervenor's claims upon Plaintiff-Intervenor issuing proper service of the Complaint in Intervention discussed herein.

Overview

Plaintiff-Intervenor Mr. Williams worked as a manager of the automobile detailing department at a car dealership. Plaintiff-Intervenor alleges that on February 23, 2012, another manager told him the company wanted to fire all the African-American employees on location and replace them with "whites and Mexicans." (Am. Compl. in Intervention, Dkt. No. 44-1, p. 5-6; EEOC Compl., Dkt. No. 1, p. 5.) The same day, Plaintiff-Intervenor was demoted from his managerial position and was told he now had to share his salary with another employee. Plaintiff-Intervenor was later terminated from the company. Id.

Plaintiff-Intervenor filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC determined there had been a Title VII violation and invited the parties to conciliation discussions, which ultimately failed. (EEOC Compl., Dkt. No. 1, p. 4.) On September 2, 2015, the EEOC issued a Notice of Failure of Conciliation to Plaintiff-Intervenor and the EEOC filed this suit on September 28, 2015. On November 10, 2015, Plaintiff-Intervenor filed a Motion to Intervene (Dkt. No. 4) and his Complaint in Intervention on December 16, 2015. (Dkt. No. 8.) The Court dismissed the Complaint in Intervention for lack of service (Dkt. No. 43) and now Plaintiff-Intervenor seeks to file essentially the same Complaint in his Second Motion to Intervene. (Dkt. No. 44.) Defendants argue that the Motion is an untimely intervention request and allowing the request would prejudice Defendants and not substantially improve Plaintiff-Intervenor's representation of interests in this case.

Title VII

Under the Federal Rules of Civil Procedure, an applicant may intervene as a matter of right if there is a timely motion and the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Tenth Circuit has stated that it "generally follows a liberal view in allowing intervention under Rule 24(a)." Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co., 407 F.3d 1091, 1103 (10th Cir. 2005). When determining timeliness, the Court must assess the motion "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." Id. (quoting Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1250 (10th Cir. 2001)).

First, the Court will address the timeliness of Plaintiff-Intervenor's filings. Plaintiff-Intervenor's First Motion to Intervene came twelve (12) days after the EEOC filed its Complaint. After Plaintiff-Intervenor's first Complaint in Intervention was dismissed, this Second Motion to Intervene was filed sixteen (16) days later. The dates of filings in this case are in stark contrast to the case cited by Defendants where the intervenor applicant was aware of a claim filed in 2005 but waited until nineteen (19) days before trial in 2009 to intervene. See generally Okla. ex rel. Edmondson v. Tyson Foods, Inc., 619 F.3d 1223, 1229 (10th Cir. 2010). At first glance, there does appear to be a large time span in the current case given that

the alleged conduct occurred in early 2012, but after the matter was unable to be resolved with the EEOC, Plaintiff-Intervenor took timely action with the Court.

Defendant OnSite argues that the Complaint in Intervention is untimely because it failed to meet the 90-day filing requirement for complaints after the EEOC made its final determination. 42 U.S.C. § 2005e-5(f)(1). Defendant OnSite would have the Court impose the statute of limitations that is not tolled upon dismissal of the first complaint in intervention. See Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir. 1991), abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). Defendant OnSite also points out that the first Complaint in Intervention was filed out of time.[3] Considering all the circumstances however, Plaintiff-Intervenor has been responsive soon after the Court issued Orders requiring his action. When determining timeliness for purposes of intervention, the Tenth Circuit has stated that "'[t]he analysis is contextual; absolute measures of timeliness should be ignored.'" Utah Ass'n of Counties, 255 F.3d at 1250 (quoting Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994)). The Circuit Court also states that "'[f]ederal courts should allow intervention "where no one would be hurt and greater justice could be attained."'" Id. (quoting Sierra Club, 18 F.3d at 1205 (citation omitted)).

---

[3] The Motion to Intervene (Dkt. No. 4) was timely. The same day the Court issued its Order (Dkt. No. 7) granting Plaintiff-Intervenor leave, he filed his Complaint in Intervention. (Dkt. No. 8.)

Defendants claim they will be prejudiced because an additional deposition of the Plaintiff-Intervenor will be necessary. However, these arguments were made prior to the scheduled deposition. Defendants have had notice of the state law and § 1981 claims asserted by Plaintiff-Intervenor for nearly as long as the EEOC's Title VII claims and an additional deposition should not be necessary. In light of the fact that all claims are based on the same events, the Court does not find that Defendants would be unduly prejudiced by allowing Plaintiff-Intervenor's Complaint. If Plaintiff-Intervenor were prevented from asserting these additional claims however, he would be foreclosed from asserting them in the future.

The Court finds that Plaintiff-Intervenor has asserted an interest in his right to make and enforce contracts pursuant to 42 U.S.C. § 1981 and that interest may be impaired or impeded because the EEOC has not asserted § 1981 or state law claims. Thus, all of Plaintiff-Intervenor's interests are not being adequately represented by the EEOC in this case. Accordingly, the Court finds that Plaintiff-Intervenor may intervene as a matter of right. Next, the Court will address the arguments made by Defendants that the other claims are asserted out of time.

### § 1981

Plaintiff-Intervenor also asserts claims under 42 U.S.C. § 1981, alleging that Defendants demoted him and terminated his employment on account of his race. Defendant OnSite argues the claims should be stricken from the Complaint in Intervention because they are precluded by the statute of limitations.

The Supreme Court has held that statutes enacted after December 1, 1990, are "governed by § 1658's 4-year statute of limitations." Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004) (construing 28 U.S.C. 1658). Claims arising under subsections (b) and (c) of § 1981 are subject to the four-year statute of limitations because they were enacted in 1991 and "essentially created a new cause of action to challenge an employer's discriminatory post-formation conduct." Harris v. Allstate Ins. Co., 300 F.3d 1183, 1187 (10th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Nov. 26, 2002); Parker Excavating, Inc. v. Lafarge W., Inc., No. 14-CV-01534-LTB-MJW, 2015 WL 122691, at *3 (D. Colo. Jan. 8, 2015); E.E.O.C. v. Thorman & Wright Corp., No. 06-2412-JWL-DJW, 2007 WL 1018789, at *2 (D. Kan. Apr. 3, 2007). Because the Complaint in Intervention pleads harm based on post-formation actions, or actions taken after the time of hire, the four-year statute of limitation applies. Parker Excavating, Inc., No. 14-CV-01534-LTB-MJW, 2015 WL 122691, at *4; Thorman & Wright Corp., No. 06-2412-JWL-DJW, 2007 WL 1018789, at *2.

The statute of limitations for the § 1981 claim began to run at the time the claim arose and was not tolled for the time the Title VII claim was pending with the EEOC. Scheerer v. Rose State Coll., 774 F. Supp. 620, 622 (W.D. Okla.), aff'd, 950 F.2d 661 (10th Cir. 1991). However, the § 1981 claims will remain because the Amended Complaint in Intervention will relate back to the date of filing of the first Complaint in Intervention. Rule 15 states that an amended pleading will relate back to when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the

original pleading." Fed. R. Civ. P. 15(c)(1)(B). All of Plaintiff-Intervenor's claims are based on the same demotion and firing, so Rule 15 clearly applies. The first Complaint was filed on December 16, 2015, well within the four-year statute of limitation that began to run in February 2012. The Defendants will not be prejudiced because the two Complaints in Intervention are nearly identical[4] in all claims and thus the pleadings have provided ample notice.

## Oklahoma Law

The third cause of action stated in the Second Motion to Intervene is a <u>Burk</u> tort claim, rooted in the Oklahoma Anti-Discrimination Act. <u>See</u> <u>Burk</u>, 1989 OK 22, 770 P.2d 24; 25 Okla. Stat. §§ 1001 et seq. Plaintiff also asserts a negligence claim. Both claims arise from the 2012 demotion and termination of Plaintiff-Intervenor. Defendant OnSite argues the claims are subject to a two-year statute of limitations. <u>See</u> 12 Okla. Stat. § 95. Plaintiff-Intervenor made no counterargument. These claims were out of time when the first Motion to Intervene was asserted in November 2015; therefore, Court finds that the claims are time-barred and will strike the third and fourth causes of action from the Amended Complaint in Intervention.

## Bankruptcy Proceeding

Defendant OnSite also argues that Plaintiff-Intervenor lacks standing to pursue the pending claims due to an ancillary bankruptcy proceeding where the Bankruptcy Trustee may

---

[4] Except for introductory materials and slight formatting differences, the pleadings are identical.

7

be entitled to assert these claims. Plaintiff-Intervenor states in his Reply to Defendants' Objection to Second Motion to Intervene (Dkt. No. 50) that he did disclose the details of this case and the Trustee decided not to pursue any claims; however, Plaintiff-Intervenor offers no evidence. After Plaintiff-Intervenor properly serves the Amended Complaint in Intervention on Defendant OnSite and responds to the pending Motion for Joinder of Bankruptcy Trustee (Dkt. No. 51), the Court will consider this issue.

## Conclusion

Accordingly, Plaintiff-Intervenor's Second Motion to Intervene (Dkt. No. 44) is GRANTED in part and DENIED in part. Plaintiff-Intervenor may file his Amended Complaint in Intervention within ten (10) days.

IT IS SO ORDERED this 16th day of November, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge